PORTER (UNITED STATES v.). See Cases Nos. 16,071–16,074.

## Case No. 11,291.

### PORTER et al. v. VIETS.

[1 Biss. 177.][1]

Circuit Court, N. D. Illinois. Aug. Term, 1857.

CONTRACT FOR FUTURE DELIVERY—NOT A WAGER—INTENTION TO SETTLE "DIFFERENCE" CANNOT BE SHOWN.

1. A contract for the sale and delivery of grain which the party did not have nor expect to have, is nevertheless valid.

[Cited in Clarke v. Foss, Case No. 2,852; Gilbert v. Gaugar, Id. 5,412; Jackson v. Foote, 12 Fed. 41.]

2. Such a contract is on its face strictly legal, and is not a wager, and the defendant cannot be permitted to show that the intention of both parties was, that no grain should actually be delivered, but that the "difference" should be settled between them in cash.

[Cited in Hentz v. Jewell, 20 Fed. 593.]

3. Although it is true that by a settlement of the "difference" the same result is reached as in a wager, that circumstance does not make the original contract the same.

4. The defendant, in order to establish the illegality of the written contract, cannot establish orally a simultaneous contract alleged to be illegal.

On the third of April, 1857, the defendant, Viets, entered into a contract in writing with the plaintiffs, by which he sold them fifteen thousand bushels of corn at forty-eight cents a bushel, deliverable free on board, during the last half of June. The plaintiffs were to pay for the corn on delivery. Both parties executed the contract. The corn not being delivered, suit was brought on the contract. At the time the corn was to have been delivered, it had risen to sixty-three cents a bushel, so that the "difference" was over two thousand dollars. The defendant set up in defense that at the time of making the contract he was not possessed of the corn, nor had he entered into any contract for the purchase of the same, nor had he any expectation of obtaining the corn; that it was not intended by the parties that the corn should be delivered, but that it was a contract for the payment of the "difference" between the price mentioned, and its market value at the time of delivery; in fine, that it was nothing more than a wager between the parties as to the price of corn at the time fixed on, and that the contract was only a cover to the real intent of the parties, which was merely a bet and no more. Plaintiffs demurred to plea.

S. W. Fuller, for plaintiffs.
Mr. Stuart, for defendant.

DRUMMOND, District Judge. Whatever doubts may have formerly existed, it must now be considered the settled law, both in England and in this country, that the mere fact that a man may not have in his

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

possession, and has not attempted to acquire possession of, a particular commodity, which he undertakes to sell, deliverable at a future time, will not render illegal a contract made by him to sell and deliver the article. He is bound by his contract, nevertheless, and must deliver the property or be subject to the consequences of a non-delivery. It is an agreement to sell and deliver at a future day, and to release a party from such a contract, because he did not at the time possess the property, would interfere too much with commercial contracts. People might differ about the propriety of a man making such a contract who did not know certainly where he was to acquire the property, but having made it. the courts will compel him to abide by it.

.Stock contracts have in some of the states been placed under certain restrictions by the legislature, but there has been no legislation touching such contracts as this before the court. If corn had fallen fifteen cents a bushel, Viets would of course have insisted on Warren Porter & Co., complying with their contract.

Both parties entered into it with full knowledge of the risk they run, and the court will not help one of them because his judgment was unsound or because something occurred that he did not foresee. If it be said that it causes personal or combined efforts to be made to affect the price of the article, of that also the parties were fully aware before they made the contract. In this respect they stood on terms of equality.

It is not necessary to decide in this case whether a wager between these parties as to the price of corn at a particular time was valid or not. The defendant now insists that he did not make such a contract as is presented to the court by the pleadings in the case, but that it was an agreement to pay the difference between the price of corn as stated, and the price at a future day— in other words, he wishes to prove what the law determines is ordinarily the measure of damages for the non-performance of his contract. The rule is well settled that when two men make a contract, and reduce it to writing, and sign it that it is the contract between them. It cannot be shown verbally that something different was intended at the time from what appears in the writing.

It is a rule resting upon the soundest principles, and one of uniform application. Here no fraud is pretended. The contract is free from doubt or ambiguity. It is to deliver a certain 'quantity of corn at a certain time for a certain price, all set forth in writing. The defendant says he wishes to show that the intention of the parties at the time was to make a wager as to the price of corn during the last half of June, and that the amount of the wager and the party that was to win.or lose was to depend upon the market price of the corn. Now it may be true that the result is precisely the same—that

is, the one party loses and the other gains the same amount as in a wager. So it is in any case of this kind, when a party does not perform his contract. But that circumstance does not make the contract the same. In the case of a wager on the price, when a man pays the "difference," he performs his contract, but he does not fulfill this contract by paying the difference. He meets the penalty the law imposes for a breach of it. Here this defendant wishes to establish orally that another contract was made at the time not in writing and which he alleges was illegal, in order to make out the illegality of the written contract. This cannot be done. No doubt all contracts which are illegal may be attacked, but no case has been shown which' authorizes a party to prove verbally, that another contract (in itself illegal) existed, and so get rid of a written contract on its face unexceptionable. Demurrer sustained and judgment for plaintiffs.

NOTE. A contract for the sale of goods at a fixed price, to be delivered at a future day. the vendor not having the goods nor any means of acquiring them except by purchase. is not a gambling contract. Stanton v. Small. 3 Sandf. 230; McIlvaine v. Egerton, 2 Rob. [N. Y.] 422.