HENTZ and another *v.* JEWELL.

*(Circuit Court, S. D. Mississippi. June Term, 1881.)*

1. CONTRACT FOR FUTURE DELIVERY—VALIDITY.
    To render a contract for the future delivery of commodities invalid there must at the time of its creation be a *mutual understanding* between the parties that no delivery is to be made, but the difference between the contract price and the market price at the time fixed for delivery paid.

2. SAME—PROMISSORY NOTE—CONSIDERATION.
    Where the consideration for promissory notes is money advanced under contracts for future delivery of cotton, and commissions thereon, the notes are valid.

At Law.

*R. S. Buck* and *E. D. Clark*, for plaintiffs.

*W. L. Nugent* and *T. A. McWillie*, for defendant.

HILL, J. The questions of fact as well as of law are by written stipulation submitted to the court upon the pleadings and evidence. The suit is brought to recover the amount due upon two promissory notes,—one dated November 1, 1879, for the sum of $4,727.27, payable 90 days after date, and the other dated November 15, 1879, for $4,727.26, payable at 90 days, and both signed "J. D. Jewell & Bro." The declaration alleges that W. A. Jewell, the defendant, was a member of the firm of J. D. Jewell & Bro., and one of the makers of said notes.

One of the defenses set up against a recovery upon these notes, and the only one that demands special attention, is want of consideration, the averment of the plea being that the notes were given to the plaintiff for money advanced by them to pay losses sustained by Jewell & Bro. in dealing in what is known as "cotton futures;" that is, contracts for the sale or purchase of cotton to be delivered at a future day, and that the contracts were gambling contracts.

The question raised by this defense is one of no little interest, as these cotton contracts are becoming so numerous and of such immense proportions; still, as I understand the rules by which they are to be governed, they are simple, and not difficult of application.

First, a contract for the sale of cotton, grain, or other commodity at a given price, to be delivered at a future time, is valid and binding, and each party is entitled to enforce the contract against the other; and, in case of failure, to recover damages for non-performance. When it is a purchase for resale, or the article can be immediately supplied by purchase in the market, then the damages consist in the difference between the sum contracted for and the market price of the commodity at the time for delivery. But if it is an article which the purchaser specially needs, and cannot supply without delay and additional expense, then such an amount as will "make him whole" is the measure of damages. If, according to the contract between the parties when made, either may demand a strict compliance when the time for performance arrives, then the contract is valid, even though one of the parties may secretly intend at the time not to comply, if such non-performance is not agreed to by the other contracting party at the time of the contract. In other words, to render the contract invalid, there must, at the time of its creation, be a mutual understanding between the parties that no delivery is to be made, but only the difference in prices paid.

Respectable authorities hold that when the contract is in writing, and such understanding is not expressed, that parol testimony is inadmissible to establish it. Such are the contracts proven in this case; that is, there was no agreement for non-delivery; and, if this rule is applied, it will cut off this defense.

There is, however, no sufficient proof in this case, written or verbal, to show that no delivery was to be made, but only differences paid. To sustain the positions above stated, reference is made to *Lehman* v. *Strassberger,* 2 Woods, 554; *Clarke* v. *Foss,* 7 Biss. 540; *Porter* v. *Viets,* 1 Biss. 177; *Kingsbury* v. *Kirwan,* 77 N. Y. 612.

The notes were not given in payment for balances upon these cotton contracts, but for money advanced by plaintiffs to pay the differences on contracts made by them upon the orders of J. D. Jewell & Bro., and for commissions as brokers in making said contracts; consequently the same rules do not apply as those between the contracting parties,—the plaintiffs being only agents and brokers advancing the money, and having no interest in the contracts themselves. The notes were given after the money was paid and the services performed; consequently there is no public policy to be subserved by denying the plaintiffs the money they have advanced and compensation for the services performed. This position is sustained by the case of *Lehman* v. *Strassberger,* which is similar in its facts to the present case. I am satisfied that plaintiffs are entitled to judgment

against defendant for the amount of the notes sued upon and interest.    Judgment accordingly.

See *Melchert* v. *American Union Telegraph Co.* 11 FED. REP. 193, and note, 201; *Union Nat. Bank of Chicago* v. *Carr*, 15 FED. REP. 438; *Cobb* v. *Prell*, Id. 774; *Jackson* v. *Foot*, 12 FED. REP. 37; *Bryant* v. *Western Union Telegraph Co.* 17 FED. REP. 826; *Irwin* v. *Williar*, 4 Sup. Ct. Rep. 160.—[ED.